UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL MALTSEFF, <br><br> Defendant. | CASE NO. C14-0283JLR <br><br> ORDER DENYING SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the court on Defendant Paul Maltseff's motion for summary judgment. (Mot. (Dkt. # 68).) Having considered the submissions of the parties, the balance of the record, and the relevant law, and deeming itself fully advised,[1] the court DENIES Defendant's motion.

---

[1] The court declines to hold oral argument because the issues have been adequately briefed by both parties. Oral argument is not necessary where the non-moving party would suffer no prejudice.

ORDER- 1

## II. BACKGROUND

Plaintiffs Intermec, Inc. and Intermec Technologies Corporation (collectively "Intermec") are providers of barcode-reading technologies. (Am. Compl. (Dkt. # 14) ¶¶ 15-16.) Intermec employed Dr. Maltseff in various positions, including software engineer and intellectual property counsel, from 1994 through 2013. (*Id.* ¶¶ 24-26.) Dr. Maltseff's duties included prosecuting patent applications, directing Intermec's intellectual property strategy, and inventing barcode-reading and radio frequency identification ("RFID") applications. (*Id.*) Plaintiffs allege that Dr. Maltseff possesses trade secret and confidential information regarding Intermec's technology and Intermec's research and development program. (*Id.* ¶¶ 2, 28.)

Intermec was purchased by Plaintiff Honeywell International Inc. ("Honeywell"). (*Id.* ¶ 27.) Shortly thereafter, Dr. Maltseff left Honeywell and accepted the position of Chief U.S. Intellectual Property Counsel at Datalogic, a competitor in the barcode-reading technology sector. (*Id.* ¶¶ 5, 49.) Dr. Maltseff has since appeared on a Datalogic customer number before the United States Patent and Trademark Office ("USPTO"). (*Id.* ¶ 12.)

Concerned that Dr. Maltseff will disclose Intermec's confidential information during the course of his new employment, Plaintiffs filed this suit. (*See id.* ¶ 26.) The court declined to exercise supplemental subject matter jurisdiction over Plaintiffs' state law trade secret and breach of contract claims. (*See* 4/10/14 Order (Dkt. # 60).) Now,

---

*Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984). Here, Plaintiffs will not be prejudiced because the court denies Defendant's motion.

the sole remaining claim is Plaintiffs' request for a set of declaratory judgments, including a declaratory judgment that Patent Rule 56—the USPTO regulation that establishes a duty of candor for patent practitioners—requires Dr. Maltseff to disclose confidential Honeywell information that is material to certain pending Datalogic patent applications. (*See id.* at 3; Am. Compl at 19; 37 C.F.R. § 1.56.)

This case is still in its early stages. The court has yet to issue a scheduling order in the case. (*See generally* Dkt.) The parties continue to disagree on the scope of discovery and it appears that Dr. Maltseff has yet to respond to Plaintiffs' initial discovery requests. (*See generally* PO Mot. (Dkt. # 66).) Nevertheless, Dr. Maltseff now brings a motion for summary judgment. (*See generally* Mot.)

### III.  ANALYSIS

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where the moving party demonstrates (1) the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). In his motion for summary judgment, Dr. Maltseff asks the court to issue rulings on three legal issues that he believes will "end the dispute" between the parties. (*See* Mot. at 2-3.) The court declines to do so. Not only is Dr. Maltseff incorrect that these three legal issues are dispositive of the action. The cardinal defect of Dr. Matlseff's motion is that it requests rulings reiterating abstract legal principles that are divorced from any specific factual context. Because the parties have not had the opportunity to

develop the context in which these rulings would apply, Dr. Maltseff's motion is premature.

Dr. Maltseff first "seeks a ruling that . . . a practitioner becomes subject to [Patent] Rule 56 disclosure requirements only if he is the inventor, prepares or prosecutes the application, or is substantively involved in the preparation and prosecution of the patent application." (Mot. at 2.)  This requested ruling is a nearly verbatim reading of Patent Rule 56.  See 37 C.F.R. 1.56(c).[2]  Moreover, Plaintiffs do not contest this reading. (Resp. (Dkt. # 74) at 3.)  The court finds that a ruling merely restating Rule 56 does nothing to advance the ball in this case.

Dr. Maltseff seizes on the complaint's reference to Dr. Maltseff's appearance on a Datalogic USPTO customer number to argue that the court should hold that a practitioner's mere appearance on a customer number does not constitute "substantive involvement" in the preparation or prosecution of an application under Rule 56. (Mot. at 6-7.)  Plaintiffs rightly counter that an appearance on a customer number may nonetheless be one indication of substantive involvement.  (Resp. at 9.)  At any rate, Plaintiffs may show that Dr. Maltseff's duty of disclosure arises in any number of other ways.  In order to do so, they are entitled to factual discovery into the nature of his involvement in the

---

[2] Patent Rule 56 reads in full: "Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:  (1) Each inventor named in the application; (2) Each attorney or agent who prepares or prosecutes the application; and (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application." 37 C.F.R. 1.56(c).

ORDER- 4

preparation and prosecution of Datalogic patent applications.  Dr. Maltseff's motion on this topic, brought before discovery has even commenced, is premature.

Dr. Maltseff next asks that the court "hold that Plaintiffs' alleged trade secrets—PRC Invention Disclosures—cannot be 'prior art' that may be material to patentability unless those invention disclosures have become the subject of patent applications or have been reduced to practice."  (Mot. at 10.)  It is settled law that an invention must have been reduced to practice in order to constitute prior art under former 35 U.S.C. § 102(g).  *See, e.g.*, *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986).  Plaintiffs do not disagree wtih that legal proposition.  (Resp. at 11.)   But again, a holding merely restating that uncontroversial proposition as applied to Plaintiffs' invention disclosures serves little to no purpose—not least because, at this stage, there is no reason to assume that Plaintiffs' claim hinges solely on the invention disclosures.  (*See generally* Whitley Decl. (Dkt. # 21) ¶¶ 6-10 (discussing other types of confidential information to which Dr. Maltseff was exposed); Ackley Decl. (Dkt. # 19) ¶¶ 14-20 (same); Downey Decl. (Dkt. # 34) ¶¶ 8-11 (same).)

More importantly, Dr. Maltseff's requested holding is misguided because it conflates prior art with materiality.  In fact, as Dr. Maltseff admits, the category of information that Patent Rule 56 defines as "material" is broader than prior art.  (*See* Reply (Dkt. # 76) at 11.)  Specifically, under Patent Rule 56, "information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) It refutes, or is

ORDER- 5

inconsistent with, a position the applicant takes in: (i) Opposing an argument of unpatentability relied on by the Office, or (ii) Asserting an argument of patentability." 37 C.F.R. 1.56(b); *see also* MPEP § 2001.04 ("In addition to prior art such as patents and publications, 37 CFR 1.56 includes, for example, information on enablement, possible prior public uses, sales, offers to sell, derived knowledge, prior invention by another, inventorship conflicts, and the like.")[3] As such, the court will not enter Dr. Maltseff's requested holding.

Last, Dr. Maltseff seeks a ruling that "a practitioner may avoid any Patent Rule 56 obligations by withdrawing." (Reply at 4.) The court, however, is unable to rule on the question as phrased at this time. Dr. Maltseff has posed the question in the abstract, disassociated from the particular factual context facing the court. The correct point of inquiry, it seems, is whether withdrawal is an alternative to disclosure in Dr. Maltseff's situation. And yet, at this early stage in the proceedings, the specifics of Dr. Maltseff's situation remain unclear. Absent a better understanding of the ramifications of such a ruling, the court declines to enter a blanket ruling purporting to decide the appropriateness of withdrawal in any and all situations.

//

//

---

[3] Although the USPTO proposed to revise the standard of materiality in light of *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011), which established a "but for" test for materiality in the context of the judicial doctrine of inequitable conduct, the proposed change has not been adopted. *Compare* Revision of the Materiality to Patentability Standards for the Duty to Disclose Information in Patent Applications, 76 Fed. Reg. 43631 (July 21, 2001) (notice of proposed rulemaking) *with* 37 C.F.R. 1.56(b) (effective September 16, 2012).

## IV. CONCLUSION

For the foregoing reasons, court DENIES Dr. Maltseff's motion (Dkt. # 68) as premature and without prejudice to later raising the legal arguments advanced therein in a proper factual context.

Dated this 9th day of July, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 7