1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HONEYWELL INTERNATIONAL INC., a
Delaware corporation; INTERMEC, INC., a
Delaware corporation; and INTERMEC
TECHNOLOGIES CORPORATION, a
Washington corporation,

                              Plaintiffs,

        v.

DR. PAUL MALTSEFF, f/k/a Pavel Maltsev,
an individual,

                              Defendants.

No. 2:14-cv-00283-JLR

**STIPULATED PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR:
(same day/date)**

*Stipulated Protective Order
(2:14-cv-00283-JLR) - 1*

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of trade secrets, confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  Any party to this action or non-party from which information is sought may designate information as Confidential or Attorneys' Eyes Only as provided in this Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential or attorneys eyes' only information under seal, and it allows for challenges of any unnecessary or unreasonable designations by any party.  The parties' agreement to this Order cannot be used or admitted into evidence for any purpose in any legal proceeding except to enforce the terms of the Order.

2.    <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:  personnel, human resources, and similar information related to defendant Paul Maltseff or any other individual; internal or personal communications, and other documents that the designating party in good faith believes cannot be used outside the context of this litigation.

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

3.   ATTORNEYS' EYES ONLY MATERIAL

"Attorneys' Eyes Only" material shall include documents and tangible things that constitute or contain trade secrets, proprietary information, financial data, information that is competitively sensitive, or other information that the designating party in good faith believes requires the additional special handling required by the "Attorneys' Eyes Only" designation.

4.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5.   ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL

5.1   Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material and Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential and Attorneys' Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

5.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating party or designating non-party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, outside counsel for Datalogic ADC, Inc. who appeared in response to Plaintiffs' subpoena (James H. Shalek and Jonathan M. Sharret of Proskauer Rose LLP), as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)     experts and consultants and their support staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or designating non-party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 4*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) Paul Maltseff.

5.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party or designating non-party, a receiving party may disclose any Attorneys' Eyes Only material only to:

(a) the receiving party's counsel of record in this action, outside counsel for Datalogic ADC, Inc. who appeared in response to Plaintiffs' subpoena (James H. Shalek and Jonathan M. Sharret of Proskauer Rose LLP), as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants and their support staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of attorneys' eyes only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any attorneys' eyes only material to third parties and to immediately return all originals and copies of any confidential material;

(e) Paul Maltseff.

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

5.4     Before individuals under subparagraphs 5.2(c) and 5.3(b) may have access to Confidential or Attorneys Eyes Only Information, the party receiving the Confidential or Attorneys Eyes Only Information must submit to the party producing the Confidential or Attorneys Eyes Only Information the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto), and the retained expert's or consultant's curriculum vitae setting forth his or her name, address, qualifications, and relevant work experience.  Relevant work experience includes, but is not limited to, the last five years of employment, any existing consulting relationships, any consulting done in the last five years, and any experience as an expert witness.  In addition, the party seeking to qualify the expert or consultant shall state any and all past connections between any party and the proposed expert or consultant, except where disclosure is prohibited by court order.  If the producing party does not object in writing within ten (10) business days from delivery of the Acknowledgement, Confidential and Attorneys' Eyes Only Information may then be disclosed to the retained expert or consultant.  If objection is made within ten (10) business days of delivery of the Acknowledgement, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved promptly, the producing party has five (5) business days from delivery of the objection to bring a motion to preclude the retained expert or consultant from viewing the producing party's Confidential or Attorneys' Eyes Only Information.  If the producing party does not bring such a timely motion, Confidential and Attorneys' Eyes Only Information may be disclosed to the retained expert or consultant.

5.5     <u>Filing Confidential and Attorneys Eyes Only Material</u>.  Before filing confidential or Attorneys' Eyes Only material or discussing or referencing such material in

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

court filings, the filing party shall confer with the designating party or designating non-party to determine whether the designating party or designating non-party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

6.   DESIGNATING PROTECTED MATERIAL

   6.1   Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party or designating non-party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party or designating non-party to sanctions.

   If it comes to the attention of a designating party's or of a designating non-party that information or items that it designated for protection do not qualify for protection, the

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 7*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

designating party or designating non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.,* section 6.2(b)), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party or designating non-party must affix the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party or producing non-party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party may, within five (5) business days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential or Attorneys' Eyes Only.

(c)    Other tangible items: the producing party or producing non-party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

the information or item warrant protection, the producing party or producing non-party, to the extent practicable, shall identify the protected portion(s).

6.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the right of the designating party or designating non-party to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1     <u>Timing of Challenges</u>.  Any party may challenge a designation of Attorney's Eyes Only or Confidential at any time.  Such challenge must be made in writing.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement, and must do so within three (3) business days of any challenge.  The parties may agree to extend this time.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties and/or non-parties in an effort to resolve the dispute without Court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

7.3     Judicial Intervention.  If the parties cannot resolve a challenge among themselves within five (5) business days of delivery of the written objection, any party or non-party that participated in the conference required by Section 7.2 may file and serve a motion to resolve the challenge under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party or designating non-party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated by another party or non-party in this action as "CONFIDENTIAL" or ATTORNEYS' EYES ONLY, that party must:

(a)     promptly notify the designating party or designating non-party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party or designating non-party whose confidential material may be affected.

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 10*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys' Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party or designating non-party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL; NON-WAIVER

10.1   Inadvertent Production of Privileged Or Otherwise Protected Material – When a producing party or producing non-party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10.2   Non-Waiver – The parties, and/or any non-party subject to this Order may agree that to the extent certain trade secret or confidential information produced by plaintiffs may be privileged, that the production by plaintiff of such information shall not constitute a waiver of any privilege with respect to the information produced, the subject matter of the

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 11*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

information produced, or in any other way.  In the event of such an agreement, the Court shall

enter an Order consistent with the agreement.

11.     PATENT PROSECUTION BAR

        Information designated Confidential or Attorneys' Eyes Only (collectively "Protected

Information") under this Order shall not, absent written consent from the party producing the

Protected Information, be disclosed to any person who is <u>directly</u> involved in preparing or

prosecuting patent applications related to the subject matter of this litigation (<u>including but

not limited to optical code reading, barcode reading, printing of optical codes/barcodes,

dimensioning, RFID, and/or mobile computing insofar as the mobile computing is directed to

reading and processing optical codes, bar codes, and/or RFID or to components of mobile

computing involving battery recharging, wireless communication, interface features, and data

processing, but mobile computing shall not include mobile computing related to cell phones)</u>,

whether as an inventor, counsel of record before the U.S. Patent and Trademark Office or any

foreign patent office, or as an advisor regarding <u>claiming</u> prosecution strategies (hereafter

"Patent Prosecution Activities").  For purposes of this paragraph, "Patent Prosecution

Activities" includes directly or indirectly drafting, amending, advising, or otherwise affecting

the scope or maintenance of patent claims (but this limitation is not intended to apply to a

personal representation of a party in any patent lawsuit or to prosecution activities in

connection with any patent reexamination request).  To avoid any doubt, "Patent Prosecution

Activities" as used in this paragraph does not include representing a party challenging a patent

before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte

reexamination<u>, inter partes review, post grant review,</u> or inter partes reexamination).   Further,

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 12*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

any person who receives Protected Information shall not engage in Patent Prosecution Activities for a period of one year after final termination of this action (including resolution of any appeals arising out of this action); provided, however, that (1) this disqualification shall not be imputed to partners, associates, or other colleagues of such individual who did not access Protected Information; and (2) if any person who has received Protected Information certifies in writing that he/she has returned or destroyed all Protected Information materials in his/her possession and that he/she will no longer access, use, or disclose Protected Information for any reason, he/she may engage in Patent Prosecution.  Nothing in this Prosecution Bar, or in this Order, shall prohibit Paul Maltseff from continuing with patent prosecution activity and his current activities on behalf of Datalogic.

12.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential and attorneys' eyes only material to the producing party or producing non-party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney notes and work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2    RESPECTFULLY SUBMITTED this 4th day of August, 2014.

3                                    HILLIS CLARK MARTIN & PETERSON P.S.

4                              By     s/ Martin S. Chester

5                                    Louis D. Peterson, WSBA #5776
                                     Jake Ewart, WSBA #38655
6                                    Hillis Clark Martin & Peterson P.S.
                                     1221 Second Avenue, Suite 500
7                                    Seattle WA 98101-2925
                                     Telephone:  (206) 623-1745
8                                    Facsimile:  (206) 623-7789
9                                    Email:  ldp@hcmp.com; mje@hcmp.com

10                                   FAEGRE BAKER DANIELS LLP
                                     (Admitted pro hac vice)
11                                   Randall E. Kahnke
12                                   Kerry L. Bundy
                                     Martin S. Chester
13                                   Tyler A. Young
                                     Ryan Long
14                                   Faegre Baker Daniels LLP
15                                   2200 Wells Fargo Center
                                     90 South Seventh Street
16                                   Minneapolis, MN  55402-3901
17                                   Telephone:  (612) 766-7000
                                     Email:  randall.kahnke@FaegreBD.com;
18                                           kerry.bundy@faegrebd.com;
19                                           martin.chester@faegrebd.com; ;
                                             Tyler.Young@FaegreBD.com;
20                                           Ryan.Long@faegreBD.com

21                                   Attorneys for Plaintiffs

22

23

24

25

26

27

28

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 14*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP

By     s/ *William F. Cronin*
       William F. Cronin, WSBA 8667
       Paul R. Raskin, WSBA 24990
       Corr Cronin Michelson Baumgardner & Preece LLP
       1001 Fourth Avenue, Suite 3900
       Seattle, WA  98154
       Telephone:  (206) 625-8600
       Facsimile:  (206) 625-0900
       Email:  wcronin@corrcronin.com;
               praskin@corrcronin.com

Attorneys for Defendant

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**ORDER**


DATED THIS _____ day of August, 2014.


_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

*Stipulated Protective Order*
*(2:14-cv-00283-JLR) - 16*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

    I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Western District of Washington on _____[date]

in the case of *Honeywell International Inc., Intermec, Inc., and Intermec Technologies

Corporation v. Maltseff*, Case No. 2:14-cv-00283.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____


*Stipulated Protective Order
(2:14-cv-00283-JLR) - 17*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of August, 2014, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification

of such filing to the following:

William F Cronin - wcronin@corrcronin.com, lnims@corrcronin.com,
    reception@corrcronin.com

Paul R. Raskin - praskin@corrcronin.com; reception@corrcronin.com

DATED this _____ day of August, 2014 at Seattle, Washington.

By___s/_____
    Louis D. Peterson, WSBA #5776
    1221 Second Avenue, Suite 500
    Seattle WA 98101-2925
    Telephone:  (206) 623-1745
    Facsimile:  (206) 623-7789
    Email:  ldp@hcmp.com

*Certificate of Service (2:14-cv-00283-JLR)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

us.53967054.04