THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., a Delaware corporation; INTERMEC, INC., a Delaware corporation; and INTERMEC TECHNOLOGIES CORPORATION, a Washington corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DR. PAUL MALTSEFF, f/k/a Pavel Maltsev, an individual,<br><br>                    Defendants. | No. 2:14-cv-00283-JLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR FURTHER RELIEF RE: DISCOVERY**<br><br>**ORAL ARGUMENT REQUESTED** |

Dr. Maltseff's motion effectively seeks a premature end to discovery. After failing to short-circuit this case through premature motions for summary judgment and for a protective order, Dr. Maltseff now asks the Court to sanction Honeywell despite the fact that Honeywell has complied with its discovery obligations, and certainly has not disobeyed a Court Order, as required by Rule 37(b)(2). Honeywell has completely and accurately responded to the discovery requests at issue, in light of currently available information. However, Honeywell is also in the process of reviewing materials produced by Datalogic—and awaits more production—as part of its necessary effort to exhaustively examine all of the vast quantity of

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
 *(2:14-cv-00283-JLR) - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

trade secret and confidential information that Dr. Maltseff knows, and tie it to Dr Maltseff's job responsibilities at Datalogic and his duties under USPTO Rule 56.  Honeywell has also committed to supplementing those responses as it discovers additional responsive information.  Therefore, Dr. Maltseff's motion is unnecessary and inappropriate.  Honeywell respectfully asks the Court to deny the motion in full.

## **BACKGROUND**[1]

The document requests and interrogatories presently at issue were served on May 20, 2014, but the parties agreed to defer responses to these, as well as to Honeywell's requests to Dr. Maltseff, until after the Court ruled on Dr. Maltseff's Motion for Summary Judgment and Motion for a Protective Order.  (Dkt. Nos. 66, 68.)  The Court denied those motions on July 9, 2014.  (Dkt. No. 76.)  Honeywell's responses to Dr. Maltseff's discovery requests were further delayed because Dr. Maltseff's counsel took an unusually aggressive and drawn-out approach to negotiating the Stipulation for Protective Order in this case. (*See* Declaration of Martin Chester ("Chester Decl.") ¶¶ 2-3.)  As a result, the parties exchanged multiple drafts of the stipulation over the course of several months and ultimately filed it on August 4.  The Court entered the Stipulated Protective Order on August 14, (Dkt. Nos. 81, 84), and Honeywell served its responses to Dr. Maltseff's discovery requests the next day.

Counsel for Honeywell and Dr. Maltseff participated in a meet-and-confer discussion by telephone on Tuesday, August 26.  (*See* Chester Decl. ¶ 4.)  Before that call, Honeywell asked that Datalogic's counsel also participate in the call (or that the parties jointly confer at another time), so that the parties could have a comprehensive discussion regarding discovery

---

[1] The Court is familiar with the facts of this case.  Honeywell, therefore, will limit its background discussion to the discovery dispute presented by Dr. Maltseff's motion.

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
*(2:14-cv-00283-JLR) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

issues—which involved many common issues and disputes.  (*See* Chester Decl. ¶ 5.)  One such common issue is the need for Honeywell to receive and analyze discovery from Datalogic before it can determine whether there are additional responsive materials for Honeywell to produce.  Datalogic's counsel responded that he was unable to join the call on August 26, and Dr. Maltseff's counsel refused to reschedule.  (*See* Raskin Decl. Ex. 5 at 4.)

During the meet-and-confer call, Dr. Maltseff's counsel explained that they intended to file a motion to compel just two days later—regardless of the parties' discussion and Honeywell's willingness to supplement its earlier responses—and that they would consider any further response from Honeywell after the  motion was filed.  (*See* Chester Decl. ¶ 6.)  Honeywell explained that it was working diligently to review documents that had been recently produced by Datalogic, and that it intended to supplement its responses.  (*See* Chester Decl. ¶ 6.)  Counsel for Dr. Maltseff reiterated their intention to file this motion on August 28, and ultimately did file it on that day.[2]

On September 2, 2014, Honeywell and Datalogic participated in a separate meet-and-confer discussion, and were successful in resolving their discovery disputes without the Court's intervention.  (*See* Chester Decl. ¶¶ 7.)  As part of that resolution, Datalogic agreed to produce additional categories of documents, including Datalogic's invention disclosures for the categories of technology at issue in this case, along with any summaries of, or communications related to, those invention disclosures.  (*See* Chester Decl. ¶ 8.)  Honeywell has not yet received Datalogic's supplemental production, review of which is important to

---

[2] Dr. Maltseff's Motion repeatedly mischaracterizes statements that it claims—without any supporting Declarations—were made by Honeywell's counsel during the meet-and-confer call.  (*See* Chester Decl. ¶¶ 9-11.)

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery (2:14-cv-00283-JLR) - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

assist Honeywell in its analysis of its own materials to determine what may be responsive to Dr. Maltseff's pending requests. (*See* Chester Decl. ¶ 8.)

## ARGUMENT

**A. Honeywell Provided Detailed Answers to Maltseff's Interrogatories and Intends to Supplement Those Answers With Additional Detail, As Necessary, After Completing Its Review Of Datalogic's Current and Forthcoming Production.**

Dr. Maltseff's mischaracterizes Honeywell interrogatory answers as being unresponsive, incomplete, and/or undetailed.  To the contrary, Honeywell's answers are responsive, and many are highly specific.[3]  Interrogatory No. 1 asked Honeywell to identify "all Datalogic patent application(s) for which Plaintiffs contend Dr. Maltseff possess confidential information or trade secrets of Plaintiff(s) that he would be required to disclose to the USPTO as a result of his Rule 56 disclosure obligations." (Raskin Decl. Ex. 1, at 7-8.)  In response, Honeywell specifically identified thirty-five such patent applications, while noting that its review of Datalogic's recently produced unpublished applications was ongoing and may lead Honeywell to add additional patent applications to the list.  This review is still taking place.  There are also additional Datalogic internal documents related to this production that Datalogic still has not produced, and which Honeywell will need to analyze. Datalogic's counsel has represented that it intends to produce in approximately two weeks. (Chester Decl. ¶¶ 7-8.)  During the meet-and-confer discussion with Dr. Maltseff's counsel,

---

3 Dr. Maltseff's Motion uses (part of) a statement by Honeywell's counsel about the quality of the discovery responses to suggest—misleadingly—that Honeywell somehow resisted efforts to meet and confer. (*See* Maltseff Mot. At 5 n. 3.)  Nothing could be further from the truth.  The Motion misleadingly takes counsel's statement out of context, even going so far to omit the very next sentences, in which counsel said "But obviously we won't solve anything with back-and-forth emails. So I look forward to our call where we can have a concrete discussion." (Raskin Decl. Ex. 5 at 2.)  By reading the entire e-mail exchange—which is Exhibit 5 to the Declaration of Paul Raskin—the Court will see that Honeywell was both cooperative and courteous.

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
 *(2:14-cv-00283-JLR) - 4*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Honeywell reaffirmed its commitment to supplement the list of patent applications after completing its document review.

Similarly, Interrogatory No. 8 asks Honeywell to:

> Describe in detail all facts supporting your allegations in Paragraphs 75 and 76 of the First Amended Complaint that "Maltseff possess Plaintiffs' confidential and trade secret information that qualifies as prior art to pending Datalogic patent applications" and that "Maltseff possess Plaintiffs' confidential and trade secret information that is material to pending Datalogic patent applications."

(Raskin Decl. Ex. 1 at 16-21.) In response to Interrogatory No. 8, Honeywell explained that Dr. Maltseff has knowledge of confidential Intermec information that is material to the patentability of a specific invention disclosed in one of Datalogic's pending patent applications. (*Id.* at 13-18.)

Honeywell's answer to Interrogatory No. 8—which is partially designated as Attorneys' Eyes Only under the Stipulated Protective Order—specifically identifies the inventions and patent application in question, and explains precisely how Dr. Maltseff's knowledge qualifies as prior art and is material to the patentability of Datalogic's invention. (*Id.*) Honeywell's answer can hardly be characterized as non-responsive or lacking detail. Quite the opposite: it identifies a particular patent application and set of facts giving rise to the conflicting ethical obligations that are at the heart of Honeywell's declaratory judgment action against Dr. Maltseff.

On the other hand, some of Dr. Maltseff's interrogatories are extremely burdensome, such that the level of detail that the Motion seeks is neither reasonable nor appropriate. For example, Interrogatory No. 6 asked Honeywell to "identify with specificity each and every

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
*(2:14-cv-00283-JLR) - 5*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

other or different trade secret and/or confidential information, if any, that Plaintiffs contend to be at issue in this action and which is not already identified in your response to Interrogatory 2." (*Id.* at 13-15.)  Dr. Maltseff was a longtime Honeywell employee who had access to some of the company's most sensitive trade secrets and confidential information.  Honeywell must now reconstruct the information that Dr. Maltseff was exposed to during his tenure at Honeywell and compare that information to Datalogic's pending and unpublished patent applications, invention disclosures, and related materials—some of which has only recently been produced, and some has not yet been produced.  Honeywell is endeavoring to do this, to the best of its reasonable ability.  Until Honeywell completes that investigation, virtually all of the information to which Maltseff was exposed from January 27, 2006 to December 31, 2013, is relevant to this litigation and is much too vast for Honeywell to recite in an interrogatory answer.  It seems that Dr. Maltseff's impatience with this process—and not any lack of responsiveness by Honeywell—is the true reason for the motion to compel.

     Honeywell has responded to Dr. Maltseff's interrogatories as completely, and with as much detail, as was possible when those answers were served.  Despite Dr. Maltseff's suggestion to the contrary, Honeywell has not withheld any information that is responsive to any of the interrogatories at issue.  As Honeywell explained during the parties' meet-and-confer discussion, however, discovery is in this case does not close until October 6, and Honeywell continues to review documents that were recently produced by Datalogic.  Moreover, Honeywell is waiting for Datalogic to produce additional documents, which still have not been produced.  As it stated in its interrogatory answers—and as Honeywell's counsel reiterated during the meet-and-confer call with Dr. Maltseff's counsel—Honeywell

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery (2:14-cv-00283-JLR) - 6*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

intends to fully supplement its answers (as well as its document production) upon learning additional responsive information as a result of this review.

### B. Honeywell Has Produced, or Is In the Process of Producing, Documents That Are Responsive to Dr. Maltseff's Requests for Production.

On August 6, 2014, Honeywell produced thousands of pages of documents to Dr. Maltseff before taking his deposition on August 8.  These documents were produced under significant time constraints, as a mutual courtesy, because the parties had just completed their protracted negotiations over the Stipulation for Protective Order and filed that stipulation with the Court just days earlier, on August 4.  As such, Honeywell took the reasonable precaution of producing these documents "without making any representation as to whether they are responsive to Dr. Maltseff's discovery requests."  (Raskin Decl. Ex. 4.)  Now, however, Honeywell has advised counsel for Dr. Maltseff that these documents may be deemed as produced in response to the document requests.  (Chester Decl. ¶ 12.)  Additionally, Honeywell explained during the parties' meet-and-confer discussion that it would serve a supplemental production of documents as it identified additional responsive documents as part of its ongoing review.[4]  Honeywell will do so promptly, and will continue to supplement throughout the discovery period as new documents are identified as responsive, such as may occur after Honeywell receives and can review the production that Datalogic intends to make in response to Honeywell's subpoena.  At that time, Honeywell will have produced all documents within its possession that are responsive to Dr. Maltseff's requests.

---

[4] On this issue, the Motion again misrepresents what Honeywell's counsel said during the meet and confer.  The Motion states that on the call, Honeywell agreed to "provide documents responsive to all of the requests for production."  (Motion at 9) (emphasis original).  This is true for most, but not all of the requests.  On the call, Honeywell's counsel reiterated its objection to Document Request No. 7, which seeks irrelevant compensation information about Honeywell personnel.  Counsel added, however, that they would consult with Honeywell about this request.  (*See* Chester Decl. ¶ 11)

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
 *(2:14-cv-00283-JLR) - 7*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Accordingly, there is no reason to burden the Court with Dr. Maltseff's motion to compel

2   responses to the document requests.

### C. Maltseff's Request for Sanctions Is Unfounded and Inappropriate.

Honeywell has answered Dr. Maltseff's discovery requests as completely and accurately as possible, and has agreed to supplement those answers as additional responsive information is identified.  Therefore, Dr. Maltseff's request for sanctions pursuant to Rule 37(b)(2) is unfounded.

The Rule applies only when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A). Honeywell has never disobeyed this Court's orders; nor has it failed to comply with its discovery obligations under Rule 26.  To the extent that Honeywell identifies additional facts related to Dr. Maltseff's conflicting ethical obligations before the close of discovery, there is simply no reason that Honeywell should be precluded from relying on them in this litigation.  *Rooney v. Sierra Pac. Windows*, 10-CV-00905, 2011 WL 2149097, at 3 (N.D. Cal. June 1, 2011) ("Evidentiary preclusion is a harsh sanction that generally is not imposed where the failure to provide discovery was either substantially justified or harmless.").

### **CONCLUSION**

Dr. Maltseff has not identified discovery that Honeywell refuses to produce, nor any discovery obligation that Honeywell has failed to meet.  Dr. Maltseff simply wishes that at this moment in time—with a month left in the discovery period—that there were more documents and information for it to analyze.  As Honeywell has discussed, it has already produced detailed interrogatory responses and many documents.  The burden imposed by

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
*(2:14-cv-00283-JLR) - 8*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Dr. Maltseff's requests—combined with the need to examine Datalogic documents that are still forthcoming—means that Honeywell cannot yet say whether everything responsive has been produced.  That day will come.  But Dr. Maltseff's impatience with the pace or nature of production that Honeywell has <u>agreed to make</u> does not justify his Motion to Compel. Honeywell respectfully asks the Court to deny the Motion.

D<small>ATED</small> this 8th day of September, 2014.

H<small>ILLIS</small> C<small>LARK</small> M<small>ARTIN</small> & P<small>ETERSON</small> P.S.

By    s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
Jake Ewart, WSBA #38655
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  lou.peterson@hcmp.com;
         jake.ewart@hcmp.com

F<small>AEGRE</small> B<small>AKER</small> D<small>ANIELS</small> LLP
(Admitted *pro hac vice*)
Randall E. Kahnke
Kerry L. Bundy
Martin S. Chester
Tyler A. Young
Isaac Hall
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone:  (612) 766-7000
Email:  randall.kahnke@FaegreBD.com;
         kerry.bundy@faegrebd.com;
         martin.chester@faegrebd.com; ;
         Tyler.Young@FaegreBD.com;
         Isaac.Hall@faegreBD.com

Attorneys for Plaintiffs

*Plaintiffs' Opposition to Defendant's Motion. to Compel and for Further Relief Re: Discovery*
 *(2:14-cv-00283-JLR) - 9*

H<small>ILLIS</small> C<small>LARK</small> M<small>ARTIN</small> & P<small>ETERSON</small> P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> William F Cronin - wcronin@corrcronin.com, lnims@corrcronin.com, reception@corrcronin.com
>
> Paul R. Raskin - praskin@corrcronin.com; reception@corrcronin.com
>
> DATED this 8th day of September, 2014 at Seattle, Washington.

By___s/ Louis D. Peterson_____
Louis D. Peterson, WSBA #5776
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  ldp@hcmp.com

*Certificate of Service (2:14-cv-00283-JLR)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

HON_s Opp_n to Malseff_s Mtn Compel (2).DOCX