THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
7                                AT SEATTLE

8   HONEYWELL INTERNATIONAL, INC., a
    Delaware corporation, INTERMEC, INC., a        No. 2:14-cv-00283-JLR
9   Delaware corporation, and INTERMEC
    TECHNOLOGIES CORPORATION, a                    **DEFENDANT'S REPLY IN SUPPORT OF**
10  Washington corporation,                        **MOTION TO COMPEL AND FOR**
                                                   **FURTHER RELIEF RE: DISCOVERY**
11                        Plaintiffs,

12         v.                                      **NOTE ON MOTION CALENDAR:**
                                                   **September 12, 2014**
13  DR. PAUL MALTSEFF,
    f/k/a Pavel Maltsev, an individual,
14
                          Defendant.
15

16                      I.        **INTRODUCTION**

17          Dr. Maltseff filed his motion to compel one week prior to the deadline for all discovery

18  motions and just six weeks prior to the discovery cutoff.  Dr. Maltseff did so because Plaintiffs still

19  have not identified the confidential information that they claim is material to the patentability of

20  pending Datalogic patent applications.  They allege that Dr. Maltseff will be required to disclose their

21  confidential information to the USPTO, but they then fail, despite discovery requests that have been

22  pending for months, to identify the so-called confidential information that is in jeopardy.  Plaintiffs

23  acknowledge that they have failed to provide this information, even though Plaintiffs have had access

24  to Datalogic's pending published patent applications since the inception of this case, had received a

25  production of Datalogic's pending, unpublished patent applications more than 30 days ago, and had

26  deposed Dr. Maltseff for seven hours over a month ago.

DEFENDANT'S REPLY RE: MOTION TO COMPEL AND
FOR FURTHER RELIEF RE: DISCOVERY - 1
No. 2:14-cv-00283-JLR

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1      Plaintiffs' statement that their discovery responses are complete and accurate is untrue.  For

2 example, Plaintiffs identify 35 published Datalogic applications for which they contend Dr. Maltseff

3 possesses confidential Intermec information that is material to patentability and is allegedly in

4 jeopardy of being disclosed.  Yet, when asked to identify that confidential information for each of the

5 35 published patents, Plaintiffs to date have identified only one single item of allegedly confidential

6 information for only one of the 35 published patent applications.  Even for this single item they have

7 not yet identified any produced documents disclosing the allegedly confidential information.  There

8 is no information provided for the other 34.  There also is no information provided for any of the

9 unpublished and pending Datalogic patent applications.  Simply put, how can Dr. Maltseff defend

10 himself against Plaintiffs' claim that he will be required to disclose Plaintiffs' confidential

11 information because it is "material" to a Datalogic patent application when Plaintiffs fail or refuse to

12 disclose the alleged confidential information that is allegedly in jeopardy on each application?

## II.   <u>DISCUSSION</u>

**A.    Plaintiffs Cannot Justify Their Failure to Identify and Produce the Relevant Confidential Information**

16      Dr. Maltseff's Motion to Compel established that Plaintiffs' answers to interrogatories and

17 production of documents are critically deficient.  Plaintiffs still have not identified or produced the

18 confidential information that they claim is material to the patentability of Datalogic's published patent

19 applications, and have not explained how such confidential information is material.  *See, e.g.,*

20 Response to Interrogatory Nos. 2 and 7.  As to Datalogic's unpublished patent applications, Plaintiffs

21 have made no effort whatsoever to answer any of the interrogatories or produce any documents.  *Id.*

22      Plaintiffs' argument that they have "completely and accurately responded to the discovery

23 requests at issue, in light of currently available information," is preposterous.  Plaintiffs commenced

24 this lawsuit in February, claiming that Dr. Maltseff possesses confidential information of Plaintiffs

25 that is in jeopardy of being disclosed.  It is now September and Plaintiffs are still arguing that they

26 do not know their own trade secrets and confidential information.

DEFENDANT'S REPLY RE: MOTION TO COMPEL AND
FOR FURTHER RELIEF RE: DISCOVERY - 2
No. 2:14-cv-00283-JLR

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs assert that they have answered Dr. Maltseff's interrogatories because they have "specifically identified thirty-five such patent applications," in response to Interrogatory No. 1. That interrogatory asks Honeywell to identify "all Datalogic patent application(s) for which Plaintiffs contend Dr. Maltseff possesses confidential information or trade secrets of Plaintiff(s) that he would be required to disclose to the USPTO as a result of his Rule 56 disclosure obligations." Opp. at 4. For those same 35 patent applications, Plaintiffs' provide essentially no answers to Interrogatory Nos. 2 and 7 that call for the identification of the confidential information and an explanation as to why it is material to patentability. There are also no responsive answers to the other interrogatories and no production of documents relating to the allegedly material, confidential information. Similarly, where is Plaintiffs' identification of <u>any</u> unpublished Datalogic patent application(s) for which they claim Dr. Maltseff has material confidential Intermec information?

Plaintiffs argue that their answer to Interrogatory No. 8 "specifically identifies the inventions and patent application in question, and explains precisely how Dr. Maltseff's knowledge qualifies as prior art and is material to the patentability of Datalogic's invention." Opp. at 5. This answer identifies only one item of confidential information relating to only one patent application. If that is the only patent application and item of confidential information allegedly supporting their claim, then the parties can complete depositions and prepare summary judgment motions. If there are other patent applications and relevant items of confidential information, however, – and Plaintiffs' answer to Interrogatory No. 1 states that there are 35 patent applications at issue – then Plaintiffs must provide this information immediately as it is already untimely and long overdue.

Plaintiffs continue to argue that they are attempting to "reconstruct the information that Dr. Maltseff was exposed to during his tenure at Honeywell and compare that information to Datalogic's pending and unpublished patent applications, invention disclosures and related materials." Opp. at 6. They argue: "Until Honeywell completes that investigation, virtually all of the information to which Maltseff was exposed from January 27, 2006 to December 31, 2013, is relevant to this litigation and is much too vast for Honeywell to recite in an interrogatory answer." *Id.* This argument fails on

DEFENDANT'S REPLY RE: MOTION TO COMPEL AND
FOR FURTHER RELIEF RE: DISCOVERY - 3
No. 2:14-cv-00283-JLR

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   multiple levels.  First, Plaintiffs have already identified 35 Datalogic patent application for which

2   they claim Dr. Maltseff has material, confidential information.  What is that information, and why is

3   it material?  Second, this action has been pending for over six months.  Where is the support for their

4   initial allegations or any fruits of Plaintiffs' investigation to date?  Third, the discovery period is

5   ending, and the time to file discovery-related motions has now passed.  Plaintiffs' timely and

6   complete answers are long overdue.[1]

7   **B.**     **Plaintiffs Fail to Substantiate any Undue Burden**

8         Next, Plaintiffs argue that "some of Dr. Maltseff's interrogatories are extremely burdensome."

9   But Plaintiffs' Opposition identifies only Interrogatory No. 6, which asks Plaintiffs to "identify with

10   specificity each and every other or different trade secret and/or confidential information, if any, that

11   Plaintiffs contend to be at issue in this action and which is not already identified in your response to

12   Interrogatory No. 2."  Opp. at 6.  This is simply a catch-all discovery request.  If there is confidential

13   information that is allegedly material to patentability, then it should be identified in response to

14   Interrogatory No. 6.  If Plaintiffs contend that other, additional confidential information is relevant

15   and in jeopardy of being disclosed by Dr. Maltseff, or if Plaintiffs intend to submit such information

16   on the merits, they should be required to identify it in response to Interrogatory No. 6.  No declaration

17   has been submitted by Plaintiffs to substantiate any alleged burden, or to inform the Court about the

18   investigation that Plaintiffs have undertaken to date, or why such identification and production could

19   not have been timely completed.

20   **C.**     **Plaintiffs' Argument that Dr. Maltseff's Motion is Premature Ignores the Case Schedule and Plaintiffs' Delay to Date**

21         Plaintiffs' argument that Dr. Maltseff is "impatient" and that his motion is "premature"

22   ignores the case schedule and Plaintiffs' delay to date.  Dr. Maltseff served his revised discovery

23   requests in May.  The parties agreed to a hiatus while the Court ruled on Dr. Maltseff's Motion for

24

---

25   [1] Dr. Maltseff's discovery requests relate to Datalogic's patent applications, <u>which Plaintiffs already have</u>.  To respond

26   to those discovery requests, Plaintiffs do not need the Datalogic invention disclosures and communications related to those disclosures which Datalogic is assembling for its supplemental production.

DEFENDANT'S REPLY RE: MOTION TO COMPEL AND
FOR FURTHER RELIEF RE: DISCOVERY - 4
No. 2:14-cv-00283-JLR

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Summary Judgment.  That ruling came out on July 9, but Plaintiffs did not provide their discovery responses until August 15, asserting unilaterally that they were entitled to an additional 18 days after receiving Dr. Maltseff's responses.  When the responses were finally produced, they were inadequate on their face.  At the meet and confer on August 26, Plaintiffs' counsel requested that Dr. Maltseff defer his motion because the deadline for discovery-related motions would not expire for another 10 days and they planned to supplement.  Tellingly, those 10 days and more have now passed and no supplementation was made. Dr. Maltseff has been incredibly patient.  He has been waiting six months to discover the basis, if any, for Plaintiffs' claims.  It is absurd to argue that Dr. Maltseff's motion is premature when the deadline for such motions has expired.

Plaintiffs dig themselves into an even deeper hole with their hollow excuse that Plaintiffs' discovery responses were delayed because of the time incurred negotiating a protective order. Plaintiffs' discovery responses contain only a small number of lines of information in their answer to Interrogatory No. 8 that they have designated as confidential.  Nothing prevented Plaintiffs from providing the rest of their discovery responses before the protective order was entered.  *See* Supplemental Declaration of Paul R. Raskin (submitting Plaintiffs' complete answer to Interrogatory No. 8).[2]

Finally, Plaintiffs' argument that Dr. Maltseff's counsel "took an unusually aggressive and drawn-out approach to negotiating the Stipulation for Protective Order in this case," is not supported by any declaration and should not be well received.  Opp. at 2.  In fact, the negotiation of that order was delayed because Plaintiffs' counsel demanded late in the process that the protective order include a broad and far reaching "prosecution bar order" that would have precluded any expert or attorney exposed to AEO information from prosecuting patents in broad technology areas.  Ultimately,

---

[2] The Supplemental Raskin Dec. and Answer to Interrogatory No. 8 will be filed after counsel have an opportunity to confer regarding Plaintiffs' AEO designation and whether Plaintiffs require a filing under seal The single item of information designated as confidential relates to Plaintiffs' argument that Dr. Maltseff has knowledge of a conception date for an invention contained in a pending Intermec patent application that they claim is prior art to a pending Datalogic patent application.  Even for this item of confidential information, Plaintiffs have not even identified the purported conception date and it remains questionable why this information (which has no value if kept secret) has been designated as confidential.  Dr. Maltseff disputes that the conception date would be material.

DEFENDANT'S REPLY RE: MOTION TO COMPEL AND
FOR FURTHER RELIEF RE: DISCOVERY - 5
No. 2:14-cv-00283-JLR

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Plaintiffs removed the restriction and agreed to narrow the language of that bar order. *See* Declaration

2    of William Cronin.

3    **D.      The Court Should Issue a Limiting Instruction if Plaintiffs Fail to Comply**

4           In addition to compelling Plaintiffs to answer interrogatories and produce documents, the

5    Court should issue an order advising Plaintiffs that they will not be allowed to rely at summary

6    judgment or trial on any responsive information that is not timely disclosed in response to the Court's

7    order on this motion.  Plaintiffs concede that a limiting instruction may be issued when a party "fails

8    to obey an order to provide or permit discovery."  Opp. at 8 (quoting Rule 37).  Plaintiffs have not

9    and cannot justify their failure to identify the confidential information that they claim is material to

10   the patentability of 35 pending Datalogic patent applications.  Nor is their failure to comply with their

11   discovery obligations harmless.  Dr. Maltseff cannot meaningfully complete depositions, prepare

12   comprehensive summary judgment motions, or fully prepare for any trial, if Plaintiffs are allowed to

13   sandbag him with a belated identification of the alleged foundation for their claim.

14                                **III.      CONCLUSION**

15          For the reasons stated in Dr. Maltseff's motion and above, Dr. Maltseff's Motion to Compel

16   and for Further Relief Re: Discovery should be granted.

17          DATED this 10th day of September, 2014.

18                                           CORR CRONIN MICHELSON
                                             BAUMGARDNER & PREECE LLP
19

20                                            *s/ William F. Cronin*
                                             William F. Cronin, WSBA No. 8667
21                                           Paul R. Raskin, WSBA No. 24990
                                             1001 Fourth Avenue, Suite 3900
22                                           Seattle, WA  98154-1051
                                             (206) 625-8600 Phone
23                                           wcronin@corrcronin.com
                                             praskin@corrcronin.com
24                                           *Attorneys for Defendant*

25

26

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

<u>CERTIFICATE OF SERVICE</u>

2       I certify that on September 10, 2014, I electronically filed the foregoing document with the

3  Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

4  counsel of record for the parties.

5

6                           *s/Leslie Nims*_____
                                   Leslie Nims

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REPLY RE: MOTION TO COMPEL AND
FOR FURTHER RELIEF RE: DISCOVERY - 7
No. 2:14-cv-00283-JLR
1052 01 ei09fw127n

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900